UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Mountbatten Surety Co., Inc., ) | C/A No.: 8:06-cv-1537-GRA |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | (Written Opinion) |
| ) | |
| Town of Ware Shoals, S.C., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| Town of Ware Shoals, S.C., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Still Enterprise, Inc. and Daniel Still, ) | |
| ) | |
| Third-Party Defendants. ) | |
| _____ ) | |

**THIS MATTER** came before me pursuant to Fed. R. Civ. P. 56(a), upon motion of Third-Party Plaintiff Town of Ware Shoals, South Carolina (Town) for summary judgment on its causes of action set forth in the Third-Party Complaint against Still Enterprise, Inc. (SEI).

Except as otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Second Amended Third-Party Complaint in this case.

## Procedural Background

Mountbatten commenced this action against Town for a determination of Mountbatten's liability under its performance bond (the Bond). Town counterclaimed against Mountbatten for the penal sum of the Bond. Town and Mountbatten have

settled their respective claims against one another.

Town impleaded D&H and Associates, Inc. (D&H) for its performance of contract administration services, and The Fletcher Group, Inc. (Fletcher Group) for its various consultant undertakings on the Riegel Mill Site.  D&H answered through a qualified denial and the affirmative defense of lack of privity of contract.  D&H cross-claimed against SEI and Fletcher Group, saying each was responsible for the condition of the Site.  Fletcher Group cross-claimed against D&H for insufficient project oversight and indemnity and counterclaimed against Town for indemnity.  Town has dismissed its claims against D&H and Fletcher Group. D&H and Fletcher Group have now dismissed all of their cross-claims against each other and SEI.

Daniel Still was never located by any of the parties to this matter.  His whereabouts are unknown.  SEI and Town are the only remaining parties in this case that have been served and are properly before the Court.  Town sued SEI for breach of contract, breach of warranty, and promissory estoppel.  Town has withdrawn its cause of action for promissory estoppel.

Originally, SEI was represented by counsel hired by Mountbatten.  Once Town and Mountbatten resolved their respective claims against each other, counsel for SEI petitioned this Court to be relieved as counsel.  The petition was granted and SEI is now unrepresented by counsel.

SEI was served with Town's Motion for Summary Judgment by publication of a notice in the Charlotte Observer once a week for three consecutive weeks.  The notice was published March 30, April 6 and April 13, 2008.  SEI failed to respond to

the Motion.

Evidence in support of Town's Motion, including the Deposition Transcript of Robert Davis, the Deposition Transcript of Walker Birdsong and the Site Remediation Evaluation Former Riegel Textile Facility, Prepared by S&ME were all filed with the Court in support of previous dispositive motions filed by Town.

### **Findings of Fact**

This Court makes the following findings of fact based on the evidence in the record.

1. The Contract between SEI and Town contained certain specifications regarding the size and type of debris to be buried on the Riegel Mill Site. (*See* Exhibit A to Second Amended Third Party Complaint.)

2. Once buried, the debris had to be covered with three feet of clean fill dirt. (*Id.*)

3. In addition to the Contract specifications, South Carolina Department of Health and Environmental Control (SC DHEC) required the implementation of additional restrictions on the Riegel Mill Site. (Depos. Tr. Robert Davis, pp. 109-110.)

4. In a letter dated November 1, 2002, SEI agreed to fulfill the additional requirements of SC DHEC. (*See* Exhibit C to Second Amended Third Party Complaint.)

5. In a letter dated September 29, 2003, SEI certified that it had fulfilled the SC DHEC requirements. (*See* Exhibit D to the Second Amended Third Party Complaint; Depos. Tr. Robert Davis, p. 256.)

6. SEI had an obligation to bury only debris on the Riegel Mill Site that was

in accordance with the specifications of the Contract and those imposed by SC DHEC. (*See* Exhibits C and D to the Second Amended Third Party Complaint.)

7.     As a result of site investigations performed by Town's agents, Town discovered improper debris, both as to size and type, buried over the entire Riegel Mill Site.  (*See* Site Remediation Evaluation Former Riegel Textile Facility, Prepared by S&ME, July 2007.)

8.     Town further discovered the debris was sometimes covered by as little as three inches of soil.  (Site Remediation Evaluation Former Riegel Textile Facility, Prepared by S&ME, July 2007, p. 4.)

9.     SEI failed to comply with any of the specifications set forth in the Contract and did not meet the additional requirements of SC DHEC.  (*Id.*)

10.    The cost to remediate the Riegel Mill Site is $3.7 million.  (Depos. Tr. Birdsong, p. 60; Site Remediation Evaluation Former Riegel Textile Facility, Prepared by S&ME, July 2007, p. 5.)

11.    Through its settlements with other parties in the case, Town has already received $1,572,500 towards remediation of the Riegel Mill Site.  (*See* Stipulations of Dismissal among Town, Mountbatten, D&H and Fletcher Group.)

## Conclusions of Law

"Under South Carolina law, a party to a contract must perform all obligations assumed under the contract unless the party's performance is excused by an act of God, the law or the other party."  *Gresham v. Food Lion, Inc.*, 31 Fed. Appx. 131, 136 (4th Cir. 2002). When such obligations are not performed and the contract is

breached, "damages serve to place the non-breaching party in the position he would have enjoyed had the contract been performed." *Collins Entertainment, Inc. v. White*, 363 S.C. 546, 559 (Ct. App. 2005).

SEI did not perform all of its obligations under the Contract. SEI's performance is not excused by an act of God, the law or the other party. SEI is in breach of the Contract. As a result of SEI's breach, Town has been damaged in the amount of $3.7 million, which is the cost to remove and dispose of the improper debris, cover the site with three feet of clean fill dirt and grade the site, which will deliver to Town a site capable of development as promised by SEI.

"A breach of a duty which arises under the provisions of a contract between the parties must be redressed under contract, and a tort action will not lie. A breach of a duty arising independently of any contract duties between the parties, however, may support a tort action." *Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.*, 320 S.C. 49, 54-55 (1995); *see also Gilliland v. Elmwood Properties*, 301 S.C. 295, 301 (1990) ("A duty to exercise reasonable care in giving information exists when the defendant has a pecuniary interest in the transaction."); Ellen Taylor, *Applicability of Strict Liability Warranty Theories to Service Transactions*, 47 S.C. L. Rev. 231, 240 (1996) ("Basic to the idea of breach of warranty is the notion that the promisor has not delivered what was promised.") In situations where a party sought to be held liable has a contract, the law requires a "special relationship" for a suit in tort based on any alleged extra-contractual duties. "When . . . there is a special relationship between the alleged tortfeasor and the injured party not arising in contract,

the breach of that duty of care will support a tort action." *Tommy L. Griffin Plumbing & Heating Co.*, 320 S.C. at 54-55; *see also Palmetto Linen Service, Inc. v. U.N.X., Inc.*, 205 F.3d 126 (4th Cir. 2000).

SEI made extra-contractual representations to Town through its letter of November 1, 2002. SEI promised certain undertakings that were not in or required by the Contract (e.g., capping and filling the cooling pond, backfilling additional areas, and burial of non-hazardous masonry).[1] SEI had a special relationship with Town through SEI's acceptance of the responsibility to implement the additional DHEC requirements. SEI knew Town had to fulfill its obligations to DHEC under the voluntary cleanup contract with DHEC for Town to avail itself of the shield against future environmental liability. By representing that the additional extra-contractual specifications received from SC DHEC would "be addressed as a part of the proposed demolition contract," SEI warranted that it would satisfy these DHEC requirements. At project closeout SEI unequivocally stated that it had satisfied the DHEC requirements. Based on SEI's statement, Town issued final disbursement to SEI. SEI did not satisfy DHEC requirements as promised. SEI breached its additional warranty to Town. Town has been left to iron out its differences with DHEC.

Because Town has already received $1,572,500 from its settlements with Mountbatten, Fletcher Group and D&H, that amount must be deducted from Town's

---

[1] *See* Exhibit C to Second Amended Third Party Complaint. The contract did not require that the cooling pond be capped and filled according to DHEC regulations. The contract did not obligate SEI to backfill areas along the railroad tracks west of building 11 and east of building 3. And the contract did not limit the burial of masonry material to non-hazardous materials. The November 1, 2002 letter imposed all of these requirements.

damages claim against SEI. *See In re W.B. Easton Const. Co., Inc.*, 320 S.C. 90, 92 (1995) ("[I]t is well-settled that payment from a joint tortfeasor does not qualify as a collateral source."). Town is entitled to judgment against SEI for $2,127,500.00 ($3.7 million, less $1,572,500).

**IT IS THEREFORE ORDERED THAT**:

(1)  the Motion for Summary Judgment is GRANTED in favor of Town on its claims of breach of contract and breach of warranty against SEI; and

(2)  Town is awarded judgment against SEI in the amount of $2,127,500.00.

**IT IS SO ORDERED**.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

July 9, 2008